Sarah R. London (State Bar No. 267083)
Simon Grille (State Bar No. 294914)
Andrew Kaufman (*Pro Hac Vice* forthcoming)
Isabel Velez (State Bar No. 359574)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: slondon@girardsharp.com
Email: sgrille@girardsharp.com
Email: akaufman@girardsharp.com
Email: ivelez@girardsharp.com

*Attorneys for Plaintiff Jane Doe GS-0001*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JANE DOE GS-0001<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendant. | Case No.: 5:26-cv-11991<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR PROTECTIVE ORDER AND LEAVE TO PROCEED UNDER PSEUDONYM; MEMORANDUM OF POINTS AND AUTHORITIES** |

## NOTICE OF MOTION FOR RELIEF TO PROCEED UNDER PSEUDONYM

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that Plaintiff Jane Doe ("Jane") will move for an order granting this Motion for a Protective Order and Leave to Proceed Anonymously under the pseudonym "Jane Doe."

## MOTION

Jane brings this action against Defendant Apple Inc. to recover damages for injuries she suffered as a result of being tracked by her abuser with an Apple AirTag. Jane will provide her true full name to Defendant pursuant to an agreement that Defendant treat that information as highly confidential. Accordingly, granting Jane's motion will not prejudice Defendant's ability to defend itself in this litigation.

This motion is made pursuant to Federal Rule of Civil Procedure 10(a), the Court's inherent powers, and applicable Ninth Circuit authority, on the grounds that the public disclosure of Jane's identity would pose a substantial risk of harm, including re-traumatization, harassment, retaliation, and significant psychological distress given the sensitive and deeply personal nature of the allegations—namely, Jane's history of domestic violence, stalking, and being tracked.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Jane brings this action against Defendant Apple Inc.. This case involves highly sensitive and deeply personal facts. Jane, a survivor of domestic violence, was tracked with Defendant's AirTag product by the individual who abused her. *See* Compl. ¶¶ 134, 137-139 The allegations also describe that Jane's abuser not only has a history of stalking her, but also that he used an AirTag to track her and determine her whereabouts. *See id.* ¶¶ 135, 137-139. Jane alleges that she lives in fear for her physical safety and of being tracked further, living in hiding to avoid being found by her abuser *See id.* ¶¶ 145, 148. Requiring Jane to proceed under her true identity would compromise her privacy, risk her physical safety, and would risk exacerbating the emotional trauma that she has already

suffered. Jane has experienced significant psychological distress as a result of being tracked, including ongoing anxiety, depression, PTSD, and fear for her safety. *See id.* ¶¶ 144-45. Disclosure of Jane's identity in public court records would likely subject her to retaliation from her abuser, further abuse, physical harm, and emotional trauma.

Jane asks the Court to allow her to proceed anonymously and to issue a protective order further protecting her identity from public disclosure. Due to the sensitive and personal nature of her allegations, the serious need to keep Jane safe from further retaliation, the public's interest in promoting the reporting of tracking and in protecting the victims, and the lack of prejudice to Defendant, the Court should grant Jane's request to protect her safety, privacy, and mental health throughout the course of this litigation.

## II. FACTUAL BACKGROUND

Jane alleges that she was tracked by her abuser with an Apple AirTag. *See* Compl. ¶¶ 137-39. Jane also alleges that she is a survivor of domestic assault at the hands of her abuser, and that her abuser has stalked her for years. *See id.* ¶¶ 134-35. As a result of being tracked by an AirTag by her abuser, Jane has suffered life-altering psychological and emotional injuries, including aggravation of PTSD, anxiety, and depression, along with paralyzing fear, the inability to work the type of job she'd like, and a profound loss of trust and safety. *Id.* ¶ 144-45.

## III. ARGUMENT

### A. The Ninth Circuit Balances Several Factors to Determine Whether a Party May Proceed Under a Pseudonym.

Courts have broad "powers . . . to issue protective orders limiting disclosure of the party's name under Rule 26(c) 'to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case.'" *J.C. v. Choice Hotels Int'l, Inc.*, No. 20-CV-00155-WHO, 2021 WL 1146406, at *2 (N.D. Cal. Mar. 4, 2021) (quoting *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010)). While the Federal Rules of Civil Procedure generally require that all parties to a lawsuit be identified by name, *see* Fed. R.

Civ. P. 10(a), 17(a), that rule is not absolute. The Ninth Circuit allows a party to proceed anonymously "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I Thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1068 (9th Cir. 2000). These special circumstances can include "when identification creates risk of retaliatory physical or mental harm" and "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature." *Id*. (citation and quotation marks omitted); *see also id.* at 1067-68 (recognizing that a party may use a pseudonym "in the unusual case when nondisclosure of the party's identity is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment") (citation and quotation marks omitted). To determine whether these circumstances exist, courts employ a balancing test that considers whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Doe v. Penzato*, 2011 WL 1833007, at *2 (N.D. Cal. May 13, 2011) (quoting *Advanced Textile Corp.*, 214 F.3d at 1068).

**B. The Relevant Factors Justify Allowing Jane to Proceed Under a Pseudonym.**

The relevant factors overwhelmingly weigh in favor of permitting Jane to use the pseudonym "Jane Doe" in this lawsuit arising from Jane's tracking and abuse.

**1. Jane's Claims Involve Matters of Sensitive and Highly Personal Nature.**

Courts have repeatedly held that allegations of abuse justify anonymity and have regularly recognized the importance of protecting the privacy of survivors of domestic violence. *Doe v. Elson S Floyd Coll. of Med. at Washington State Univ.*, 2021 WL 4197366, at *2 (E.D. Wash. Mar. 24, 2021) ("… [plaintiff's] status as a survivor of domestic violence make[s] her particularly vulnerable to mental harm through retaliation or other means."); *see also Penzato*, 2011 WL 1833007 at *3 (stating that "fictitious names are allowed when necessary to protect the privacy of . . . rape victims, and other particularly vulnerable parties or witnesses") (quoting *Doe v. Blue Cross & Blue Shield United of Wisc*., 112 F.3d 869, 872 (7th Cir. 1997)); *Doe v. Pasadena Hosp. Ass'n, Ltd.*, No. 218-CV-09648- DDP (SKx), 2018 WL 6831533, at *2 (C.D. Cal. Dec. 26, 2018) ("Plaintiff's . . .

allegations of sexual abuse and harassment present special circumstances of a highly personal nature”).

Here, being publicly identified would have a devastating effect on Jane, who is a survivor of domestic abuse, and suffers from PTSD, depression, and anxiety. Jane’s experiences not only are intensely personal and psychologically damaging but implicate deeply private issues of bodily autonomy, trauma, and abuse. Public disclosure of her identity would force her to re-live these events under public scrutiny and put her at risk of re-traumatization, humiliation, exposure to the individual who abused her, retaliation, and targeting. This potential harm is all the greater given that this litigation, which seeks to hold one of America’s preeminent companies liable for pervasive issues of tracking and stalking, “may garner significant media attention.” *M.R. v. Fed. Corr. Inst. “FCI” Dublin*, No. 22-CV-05137-VKD, 2022 WL 5225881, at *2 (N.D. Cal. Oct. 5, 2022). These harms go well beyond general embarrassment; they pose serious emotional and psychological risks to a survivor of domestic violence and stalking. Thus, allowing Jane to proceed anonymously would be consistent with the privacy interests that courts have long recognized in such cases.

**2. The Use Of A Pseudonym Is Also Necessary To Shield Jane From Retaliation.**

Jane is a domestic violence survivor who seeks to avoid identification by her abuser, who has been stalking and abusing her for years. *See* Compl. ¶¶ 134-35. She currently lives in hiding to avoid being found by her abuser. See *id.* ¶¶ 148. Use of Jane’s identity would subject her to a severe risk of retaliation. When pseudonyms are used to shield the anonymous party from retaliation, the district court should consider the following factors: “(1) the severity of the threatened harm,” “(2) the reasonableness of the anonymous party’s fears,” and “(3) the anonymous party’s vulnerability to such retaliation.” *Advanced Textile Corp*, 214 F.3d at 1068.

Here, the threatened harm is severe. Jane has been subjected to domestic violence and stalking and abuser at the hands of her abuser, who has access to weapons. *See id.* ¶¶ 134-35, 145. This creates a risk of severe physical harm. Further, Jane’s fears of retaliation from her abuser are

reasonable. There is a history of domestic violence, stalking, and abuse that Jane has endured. *See id.* ¶¶ 134-35. She lives with this fear to this day, as she is still in hiding from her abuser. *See id.* ¶¶ 148. Her fear of retaliation is well-founded. Finally, Jane is vulnerable to such retaliation, as she has been victimized by this abuser before. See *id.* ¶¶ 134-35; *see also Elson S Floyd Coll.*, 2021 WL 4197366 at *2 ("… [plaintiff's] status as a survivor of domestic violence make[s] her particularly vulnerable to mental harm through retaliation or other means.").

**3. Defendants Will Not Be Prejudiced by Allowing Jane to Proceed Pseudonymously.**

Permitting Jane to proceed under a pseudonym will not prejudice Defendants. Her identity was confidentially disclosed to Defendant, and the Court and the parties can employ appropriate measures, including the entry of a protective order, to preserve Jane's identity without prejudicing Defendant's ability to defend this case. *See Advanced Textile Corp.*, 214 F.3d at 1069 ("In cases where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings, *see* Fed. R. Civ. P. 16(b), and to issue protective orders limiting disclosure of the party's name, *see* Fed. R. Civ. P. 26(c), to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case."); *EEOC v. ABM Indus., Inc.*, 249 F.R.D. 588, 594 (E.D. Cal. 2008) (concluding that plaintiff's need for anonymity based on risk of serious harm outweighed any prejudice to defendants in part because plaintiff "offered to stipulate to protective orders or other mechanisms to provide Defendants an opportunity to conduct meaningful discovery"); *J.I. v. United States*, 2018 WL 1474355, at *2 (E.D. Cal. Mar. 26, 2018) ("Plaintiff has disclosed her identity to the defendants in this action and is only seeking anonymity in the public record. Therefore, the court is unaware of any prejudice that the defendants would suffer."). Therefore, Jane's critical need for anonymity outweighs any prejudice to Defendant.

### 4. The Public's Interest in Knowing Jane's Identity Does Not Outweigh Her Need for Privacy Under the Circumstances.

While the public has a strong interest in the substance of this litigation—how a large technology platform sold a product that enabled wrongdoers to track, stalk, and harm victims—that interest is fully preserved without disclosing Jane's identity. The public will still have access to the pleadings, legal arguments, and evidence presented in this matter. The only information that would be withheld is Jane's actual name—information that is immaterial to the public's ability to understand and evaluate the issues at stake.

Courts have long held that a party may proceed anonymously in judicial proceedings when the need for anonymity outweighs any prejudice to the opposing party and the public's interest in disclosure of the party's identity. "[T]he public interest is served in allowing an alleged victim of sexual harassment to be sued under pseudonym to avoid deterring other victims from coming forward." *Heineke v. Santa Clara Univ.*, 2017 WL 6026248, at *23 (N.D. Cal. Dec. 5, 2017). This is a similar case, as Plaintiff was tracked by her abuser using Defendant's AirTag product, and now seeks to hold Apple accountable for its failure to protect individuals from unwanted tracking. Jane's rights to privacy, dignity, and protection from further harm far outweigh any marginal public interest in her identity. The public's usual interest in disclosure of parties is thus outweighed by the public's interest in promoting the reporting of tracking and stalking.

## IV. CONCLUSION

Jane seeks the Court's protection through limited anonymity to preserve her privacy, physical safety, mental health, and protect her against retaliation from her abuser. Defendants will not be prejudiced if Jane is permitted to proceed anonymously, and any interest the public may have in knowing Jane's identity is vastly outweighed by the privacy and safety concerns of Jane. Accordingly, Jane requests that the Court enter an order allowing her to proceed under the pseudonym "Jane Doe" and to further enter a protective order to set parameters for the disclosure of her identity among the parties in this case.

Dated: October 15, 2026

By: */s/ Sarah R. London*

Sarah R. London (State Bar No. 267083)
Simon Grille (State Bar No. 294914)
Andrew Kaufman (*Pro Hac Vice* forthcoming)
Isabel Velez (State Bar No. 359574)
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846
Email: slondon@girardsharp.com
Email: sgrille@girardsharp.com
Email: akaufman@girardsharp.com
Email: ivelez@girardsharp.com

*Attorneys for Plaintiff Jane Doe GS-0001*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2026 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

I also certify that I will cause the foregoing document to be served on Defendant simultaneously with service of the complaint in this action.

By: *<u>/s/ Sarah London</u>*
*Sarah London*